UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| OHM HOTEL GROUP, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-1541 CAS |
| | ) | |
| DEWBERRY CONSULTANTS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER CONCERNING REMOVAL

This matter is before the Court on review of the file following removal. "Courts have an independent obligation to determine whether subject-matter jurisdiction exists[.]" Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010). "Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." Kessler v. National Enters., Inc., 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks and quoted case omitted). Statutes conferring diversity jurisdiction are to be strictly construed, Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992), as are removal statutes. Nichols v. Harbor Venture, Inc., 284 F.3d 857, 861 (8th Cir. 2002).

Plaintiff OHM Hotel Group, LLC ("OHM") initially filed suit in the Circuit Court of St. Louis County, State of Missouri. The petition alleges a state law claim for breach of contract. Defendant Dewberry Consultants, LLC ("Dewberry") removed the action to this Court based on diversity of citizenship pursuant to 28 U.S.C. §§ 1332(a), 1441(b) and 1446.

In removal cases, the district court reviews the petition pending at the time of removal to determine the existence of jurisdiction. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283

(1938). The district court may also look to the notice of removal to determine its jurisdiction. 28 U.S.C. § 1446(c)(2)(A)(ii); Ratermann v. Cellco P'ship, 2009 WL 1139232, at *3 (E.D. Mo. Apr. 28, 2009). The removing defendant, as the party invoking jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied. Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009). "[A]ll doubts about federal jurisdiction must be resolved in favor of remand[.]" Id.

The diversity jurisdiction statute, 28 U.S.C. § 1332, requires complete diversity of citizenship between plaintiffs and defendants. Buckley v. Control Data Corp., 923 F.2d 96, 97, n.6 (8th Cir. 1991). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). To establish complete diversity of citizenship, a complaint must include factual allegations of each party's state of citizenship, including allegations of any corporate party's state of incorporation and principal place of business. Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987); see 28 U.S.C. § 1332(a). In a removed action, diversity must exist both when the state petition is filed and when the petition for removal is filed. Ryan ex rel. Ryan v. Schneider Nat'l Carriers, Inc., 263 F.3d 816, 819 (8th Cir. 2001) (citing 28 U.S.C. § 1447(e)).

Both the plaintiff and defendant in this case are limited liability companies ("LLC"). The citizenship of an LLC is not determined in the same way as that of a corporation. "An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members." E3 Biofuels, LLC v. Biothane, LLC, 781 F.3d 972, 975 (8th Cir. 2015) (quoted case omitted). Thus, for LLCs such as plaintiff and defendant, the Court must examine the citizenship of each member of the LLC to determine whether it has diversity jurisdiction. GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004) ("GMAC"). For any members of LLCs

that are limited liability companies, partnerships, limited partnerships or trusts, facts concerning their underlying members, partners, trustees or beneficiaries must be alleged in accordance with the rules applicable to each such type of entity, through however many layers of ownership there may be.[1] Defendant must plead facts as to the state(s) of citizenship of all of its members, and its member's members, both at the time of filing and of removal.

The Petition alleges only that plaintiff OHM is a Missouri limited liability company and defendant Dewberry is a Virginia limited liability company. Petition at 1 (Doc. 6). The Petition therefore does not establish the parties' citizenship for purposes of diversity jurisdiction. Defendant Dewberry's removal notice alleges that plaintiff OHM is an LLC organized under Missouri law, and alleges "on information and belief" that OHM's principal place of business is in Missouri and that none of its members are citizens of Virginia. Notice of Removal at 2 (Doc. 1). Thus, defendant Dewberry's only factual allegation relevant to plaintiff OHM's citizenship, made on information and belief, is that none of its unnamed members are citizens of Virginia.

This allegation is insufficient to establish plaintiff's citizenship. Defendant Dewberry does not identify plaintiff OHM's members or their state(s) of citizenship at the time of filing and the time of removal, as required by the Eighth Circuit's decisions in GMAC and Ryan. The Supreme Court held long ago that an assertion in a removal notice that the defendant was a citizen of a particular state and the plaintiffs were not citizens of that state was insufficient to confer federal diversity jurisdiction. Cameron v. Hodges, 127 U.S. 322, 324-25 (1888). Cameron remains good law. D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 126 (1st Cir. 2011) (discussing

---

[1]In Carden v. Arkoma Associates, 494 U.S. 185, 195-96 (1990), the Supreme Court held that for diversity purposes, the citizenship of a limited partnership is the citizenship of each of its partners, both general and limited.

3

Cameron, holding allegation in notice of removal that defendant was a citizen of Rhode Island and the plaintiff was not considered a citizen of Rhode Island was insufficient to invoke federal diversity jurisdiction); see also Mullins v. Testamerica Inc., 300 F. App'x 259, 260 (5th Cir. 2008) (per curiam) (allegation that removing defendant limited partnership believed to the best of its knowledge that all of its limited partners' members, partners or trustees were of diverse citizenship from the plaintiffs, without factual specificity, was not sufficient to establish diversity jurisdiction); Affordable Communities of Mo. v. EF & A Capital Corp., 2008 WL 4966731, at *3 (E.D. Mo. Nov. 19, 2008) (removing defendants' allegation in notice of removal that none of the unnamed members of an LLC defendant shared Nevada citizenship with the plaintiff was insufficient to establish diversity of citizenship).

With respect to defendant Dewberry's own citizenship, the notice of removal alleges Dewberry is a limited liability company organized under the laws of Virginia with its principal place of business in Virginia, and that its sole member is The Dewberry Companies, LC, also a limited liability company organized under the laws of Virginia. "[A]n LLC is not necessarily a citizen of its state of organization but is a citizen of each state in which its members are citizens." OnePoint Solutions, 486 F.3d at 346. Defendant Dewberry's removal notice fails to identify the members of its sole member The Dewberry Companies, LC, and does not allege facts concerning each such member's citizenship. To properly plead its citizenship, defendant Dewberry must allege facts concerning the citizenship of the underlying members of The Dewberry Companies, LC, through all layers of its membership structure, at the time of filing and removal.

Defendant Dewberry's notice of removal is procedurally defective because it does not allege sufficient facts to establish the citizenship of either party. As a result, the existence of federal diversity jurisdiction over this matter is unclear.

The Court will grant defendant Dewberry seven (7) days to file an amended notice of removal alleging the existence of the requisite diversity of citizenship of the parties. Consistent with 28 U.S.C. § 1446(a), which requires that the notice of removal contain a "short and plain statement" of the grounds for removal and be signed pursuant to Rule 11, Federal Rules of Civil Procedure, this Order requires only allegations of the requisite jurisdictional facts. Defendant's failure to timely and fully comply with this Order will result in the remand of this case for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that, by **October 16, 2015**, defendant Newberry Consultants, LLC shall file an amended notice of removal alleging sufficient facts to establish the citizenship of both parties, at the time of filing and the time of removal.

**IT IS FURTHER ORDERED** that if defendant does not timely and fully comply with this order, this matter will be remanded to the state court from which it was removed, for lack of subject matter jurisdiction.

                                                              /s/ Charles A. Shaw
                                                               **CHARLES A. SHAW**
                                                               **UNITED STATES DISTRICT JUDGE**

Dated this  9th  day of October, 2015.